**Donald Wayne READ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–001–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 1998.

Discretionary Review Refused
March 25, 1998.

Mac Smith, Weatherford, for appellant.

Donald E. Schnebly, District Attorney, Edward D. Lewallen and Kathleen Catania, Assistant District Attorneys, Weatherford, for State.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Donald Wayne Read was convicted of felony driving while intoxicated and sentenced to ten years' confinement and a $10,000 fine. In a single point he appeals the trial court's denial of his request for a reduction of $50,000 bail pending appeal. We reverse.

In Code of Criminal Procedure article 17.15, the Legislature has unequivocally set out the rules for fixing the amount of bail:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.[1]

The defendant bears the burden of proving that the amount of bail set by the trial court is excessive.[2] An appellate court may not disturb the trial court's decision setting the amount of bail unless that appellate court finds the trial court abused its discretion.[3] While article 17.15 governs the rules for fixing the amount of bail in general, article 44.04 deals specifically with bail bonds pending appeal.[4]

Article 44.04 provides that a defendant may not be released on bail pending the appeal from any felony conviction if the punishment exceeds 15 years' confinement or if the defendant has been convicted of an offense listed under sections 481.107(b) through (e) of the Texas Health and Safety Code.[5] Otherwise, a defendant is entitled to post bond pending appeal unless good cause exists to believe that the defendant would not appear when his conviction becomes final or that the defendant was likely to commit another offense while on bail.[6] To summarize, a trial court may deny bail altogether, but may not set an excessively high bond, if the court believes the appellant is likely to commit another offense or to flee the jurisdiction if released on bond.

The State's argument appears to be that Appellant will commit a new DWI offense or flee the jurisdiction if released on bond. The prosecutor argued: "First of all I

---

1. Tex.Code Crim. Proc. Ann. art. 17.15 (Vernon Supp.1998).

2. See Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim.App. [Panel Op.] 1981).

3. See Ex parte Dueitt, 529 S.W.2d 531, 532 (Tex. Crim.App.1975).

4. Tex.Code Crim. Proc Ann. art. 44.04 (Vernon Supp.1998).

5. See Tex.Code Crim. Proc. Ann. art. 44.04(b) (Vernon Supp.1998).

6. See Tex.Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp.1998).

believe the court can take into account the defendant's likelihood to reoffend while on bond, and the danger it—he would pose to the community.... [O]ut of his fear of actually going to the pen for the first time, that might make him want to flee the jurisdiction."

The State offered no evidence other than Appellant's criminal record in support of its argument that he would reoffend or flee. The trial court had the right to deny bail altogether had it found Appellant was likely to commit another offense or flee the jurisdiction if released on bond. But once the trial court elected to set bail, the trial court abused its discretion in setting an amount calculated to assure Appellant's continued incarceration.[7]

 The Court of Criminal Appeals considers the following factors relevant in setting the amount of bail: the individual's work record; family ties and ties to the community; ability to make bond; prior criminal record; whether he has previously complied with bond conditions; other outstanding bonds; and any aggravating factors in the case being appealed.[8] The record before us shows that:

- Appellant has been a life-long resident of Parker County, Texas;
- he is 36 years old;
- he is a construction worker and has a job waiting for him when he is released;
- his employer will provide transportation to and from work;
- he has been married to his wife for seven years;
- he and his wife have four children ranging in age from two to seven;
- he will be living with his mother-in-law and wife and children if released on bond;
- he was unable to post the $25,000 pre-trial bond set by the trial court;
- he has made efforts to post bail and that the $50,000 bond set by the trial judge greatly exceeds his ability to post bond; and

- he and his wife believe he could make a $10,000 bond.

The trial court may always impose reasonable conditions of bail pending the finality of Appellant's conviction.[9] There was no showing that the trial court could not have adequately protected the community by imposing appropriate conditions of bail. Nor do we find anything in the law that would prohibit the trial court's imposing appropriate conditions even at this time.

The order of the trial court refusing Appellant's request for bail reduction pending appeal is reversed. The amount of bail is ordered fixed at $10,000, and the case is remanded to the district court for further proceedings. No motion for rehearing will be entertained.

---

**7.** *See, e.g., Ex parte Harris,* 733 S.W.2d 712, 714 (Tex.App.—Austin 1987, no pet.).

**8.** *See Rubac,* 611 S.W.2d at 849–50.

**9.** *See* Tex.Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp.1998).