Shawn Lee SHUGART, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–072–CR.

Court of Appeals of Texas,
Waco.

June 9, 1999.

Walter M. Reaves, Jr., West, for appellant.

Ray Montgomery, Dist. Atty., Centerville, Latham Boone, III, Chief Prosecutor, Huntsville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

This is an accelerated appeal of an order denying bail pending appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Supp.1999). Pending appeal from most felony convictions [1] where the punishment assessed does not exceed 15 years, the court may not deny bail unless "there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail." *Id.* 44.04(c) (Vernon Supp.1999).[2]

While he was in prison serving time for burglary and possession of cocaine, Shawn Shugart was convicted of possession of a

---

1. Certain drug-related convictions preclude release on bail pending appeal. TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon Supp. 1999).

2. The court may also permit the defendant to remain at large on existing bail or admit him to reasonable bail until the conviction becomes final. TEX.CODE CRIM. PROC. ANN. art. 44.04(c) (Vernon Supp.1999).

deadly weapon in a penal institution and sentenced to ten additional years in prison. TEX. PEN CODE ANN. § 46.10 (Vernon 1994). After he completed his sentence on the burglary and cocaine possession convictions, he filed a motion to set bail pending his appeal on the deadly-weapon conviction.[3] The motion was denied without a hearing, and he filed an appeal of that order. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1999). We abated the bail appeal and remanded the cause to the trial court to conduct a hearing on the motion. *Shugart v. State*, No. 10–99–072–CR, 1999 WL 371310 (Tex.App.—Waco March 24, 1999) (order not designated for publication). The trial court conducted the hearing on April 16, 1999. The court determined that Shugart was likely to commit another offense while on bail and again denied the motion.

## THE EVIDENCE

Terry McNeil, a Department of Human Services employee from Corsicana, testified that Shugart would live at his home if released on bail. He testified that Shugart's grandfather had two businesses and that Shugart would work for his grandfather. After an extended exchange with the judge, McNeil admitted that Shugart's grandfather was not at the hearing because he was in a state jail facility for a drunk-driving conviction. On cross-examination, McNeil confirmed that Shugart had several disciplinary problems while in prison. These included: two "Level 1" violations—a "staff assault" in September 1997 and assaulting a guard in October 1997; a "Level 3" violation in April 1998 for breaking a prison rule; and two other violations in 1997 and 1998 when he refused to obey orders. McNeil also mentioned that, while at "boot camp," Shugart had "got into a scuffle with a guard and the guard's leg got broke." McNeil testified that Shugart

had had a "change of attitude" in the fall of 1997 and since that time had been a "different individual."

Michael Murray, a "security threat" officer with the TDCJ, testified that he investigates allegations of gang activities and extortion. In March 1997, Murray investigated charges that Shugart and another inmate were "conspiring to extract money from the trust fund accounts of other offenders through acts of forgery." He did not recall whether Shugart was disciplined for the conduct. Murray testified that the Estelle Unit, where Shugart was housed, "normally [held] the most violent offenders that TDCJ has."

After hearing the evidence, the court stated: "[Shugart has] shown a propensity for violence. And if you can't behave in prison, I ask: How can you behave in the free world, sir? So I don't think it would be appropriate to place him in society. So bond is denied."

After the court's pronouncement, Shugart asked to be allowed to testify. He testified that since his March 1998 conviction for possession of a deadly weapon in a penal institution,[4] he had gone a year without being in trouble. He stated that he had "tried to change his life around." When questioned about the boot-camp incident, Shugart explained that he had not intentionally broken the guard's leg, but had fallen on top of the guard "and that's how his leg broke." He explained that his grandfather's business was temporarily shut down, but that his grandfather would be out of jail in June.

After Shugart's testimony, the court stated: "Based upon the evidence I've heard, I think the situation that you would be going into there, you would become frustrated and I think you would probably commit another offense while on bond;

---

3. The appeal on the merits is Cause No. 10–98–206–CR.

4. Shugart was indicted on aggravated assault and possession of a deadly weapon in a penal

institution. The offense occurred in August 1996. The jury acquitted him of the assault charge, but convicted him on the possession charge.

therefore your bail is denied, young man. I'm sorry. That's the order of the court."

## REVIEW

We review the court's decision by an abuse-of-discretion standard. *Burroughs v. State*, 611 S.W.2d 106, 107 (Tex. Crim.App. [Panel Op.] 1981); *Short v. State*, 923 S.W.2d 168, 169 (Tex.App.—Fort Worth 1996, no pet.). In asking whether a trial judge has abused his discretion, an appellate court must determine if the "trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Heiselbetz v. State*, 906 S.W.2d 500, 517 (Tex.Crim.App.1995) (citing *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992)).

When the court sets bail, certain factors should be considered in reviewing whether the bail is reasonable. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex.Crim. App. [Panel Op.] 1981). However, when the court denies bail, the decision is based upon whether the record shows that the defendant is likely to commit another offense while on bail or would not appear when his conviction became final. TEX. CODE CRIM. PROC. ANN. art. 44.04(c); *Read v. State*, 959 S.W.2d 228, 229 (Tex.App.—Fort Worth 1998, pet. ref'd).

The evidence shows that Shugart had committed violent offenses while incarcerated and had been involved in a scheme to take funds belonging to other inmates. From this evidence, the court reasoned that Shugart posed a threat to commit another offense while on bail. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c). Although Shugart testified that he had "tried to change his life around," we cannot say that the court's decision to deny bail is outside the zone of reasonableness. *Heiselbetz*, 906 S.W.2d at 517. Thus, we affirm the court's order.