**Allen Wayne ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-02-193-CR.**

Court of Appeals of Texas, Waco.

Jan. 15, 2003.

---

Allen Wayne Anderson, Gatesville, pro se.

Dale S. Hanna, Johnson County Dist. Atty., David W. Vernon, Johnson County Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Allen Wayne Anderson was convicted of arson and aggravated assault of Thomas Smith by throwing gasoline on Smith and igniting him. After being sent to prison, Anderson asked for bail pending appeal. Following a hearing, the trial court denied Anderson's request. Anderson appeals, and we affirm the trial court's denial of bail pending appeal.

In 1977, the trial court was given discretion to deny bail pending appeal. *Ex parte Martin,* 61 S.W.3d 398, 401 (Tex. Crim.App.2001). Once the defendant's trial is completed and he has been convicted, his situation with respect to his release, even if he plans to take an appeal, changes significantly. *Id.* at 403. A right to bail pending appeal from a conviction is not recognized in the Constitution of the United States or in the Texas Constitution. *Id.* Texas statutes have never provided that all convicted felons shall be admitted to bail pending appeal. *Id.*

The trial court denied Anderson bail pending appeal after taking judicial notice of the court's file and finding that there is good cause to believe that Anderson would not appear if his conviction becomes final. Such a finding will not be disturbed by this Court in the absence

of an abuse of discretion. *Ex parte Spaulding,* 612 S.W.2d 509, 511 (Tex.Crim. App.1981); *Shugart v. State,* 994 S.W.2d 367, 369 (Tex.App.-Waco 1999, no pet.). In asking whether a trial judge has abused his discretion, an appellate court must determine if the "trial judge's decision was so clearly wrong as' to lie outside that zone within which reasonable persons might disagree." *Shugart,* 994 S.W.2d at 369. When the trial court denies bail, its decision is based upon whether the record shows that the defendant is likely to commit another offense while on bail or, as in this case, would not appear when his conviction became final. TEX.CODE CRIM. PROC. ANN. art. 44.04(c) (Vernon Pamp.2003); *Id.*

At the hearing on Anderson's motion to set bail, the State asked the trial court to take judicial notice of the original bond and the fact that a capias was issued for Anderson's failure to appear. The record reflects that after Anderson's pre-trial bail was reduced from $100,000 to $75,000, he posted bond and then failed to appear in court on April 5, 2001. Anderson was apprehended approximately one month later. At the hearing, the State relayed that the arrest report indicated Anderson fled on foot and hid in a tool shed after being approached by police. Anderson did not controvert this accounting. He only gave the need to find an outside attorney as an explanation for his failure to appear.

The trial record reflects that Anderson had been convicted in 1992 of "fleeing police" and had run away after the offense against Smith. Anderson claimed he turned himself in two days later, but not at the Johnson County Law Enforcement Center. He arrived at an attorney's office where he was arrested by sheriff's deputies. At trial, Anderson explained his failure to appear in court by stating that he could not keep a mail box at his home and thus, did not receive notice of the court setting. He acknowledged, however, that he had an attorney at the time and had been told to be prepared for trial by the date of the court setting. Anderson also acknowledged that when officers came to arrest him, he ran away. He explained that he needed more time to raise money to pay for an attorney.

From this evidence, the trial court reasoned that Anderson would not appear if his conviction becomes final. We cannot say that the court abused its discretion in reaching this decision. Thus, we affirm the court's order denying bail pending appeal.