Ex Parte Charles James Pulte

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-202-CR

EX PARTE CHARLES JAMES PULTE 

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court denied Appellant Charles James Pulte’s request for bond reduction, and Appellant appeals, claiming in three points that the trial court abused its discretion in violation of the Eighth and Fourteenth Amendments to the United States Constitution, article 13, sections 1, 11, 13, and 19 of the Texas Constitution, and articles 1.07, 1.09, and 17.15 of the Texas Code of Criminal Procedure.  We affirm the trial court’s judgment.

Appellant was charged with the misdemeanor offense of terroristic threat against Tim Klements and the felony offense of stalking against John Schmitz in January 2003.  He made bond in each case during that month.  After he was released on bond, he purchased another nine millimeter handgun because the police had taken his nine millimeter handgun.  Less than three months after his release on bond, and while the above charges remained pending, Appellant was arrested on two charges of solicitation to commit capital murder.  John Schmitz, the complainant in the stalking case, was the target in one of the solicitation cases.  Bail was set at $1,000,000 in each of the new cases. 

On the same day that the grand jury indicted Appellant in both solicitation of capital murder cases, the trial court held a hearing on Appellant’s application to reduce bail.  Appellant testified that he had sold his business in January of 2000 for $437,000.  He claimed that some of the funds from the sale of his business had been used to pay his lawyers, but he would not or could not account for the whereabouts of the remaining money.  He also testified that he had rental income of about $1,500 dollars per month and approximately $1,050 per month in disability income.  Appellant testified that he owned several pieces of real estate subject to mortgages of approximately $80,000.  He admitted to owning more than one vehicle, recreational vehicles, and a coin collection.  He also conceded that he had more than $10,000 in cash in a Waterhouse account, in excess of $9,000 in one bank account, and an unknown amount in a second bank account.  Despite these assets, Appellant claimed that he could only raise $10,000 toward bail.  Appellant did not testify or offer any other evidence that he had attempted but failed to secure bonds or that he had even spoken with a bondsman.  He testified that he believed bondsmen wanted about fifteen percent of the bond amount, but never testified to the amount of bail he believed he could make.  Not surprisingly, the trial court reacted to the testimony by stating, “I don’t really feel like [Appellant’s] been forthcoming with the Court about his ability to make bail.”

We apply an abuse of discretion standard in reviewing the trial court’s decision to refuse to reduce bail.
(footnote: 2)  In determining whether the trial court abused its discretion, we must determine whether the trial court set bail in an amount to assure that the defendant will appear for trial while not setting a bail that is merely oppressive, keeping in mind the safety of alleged victims and the community.
(footnote: 3)  Bail must not be used as a tool of oppression.
(footnote: 4)  In making our determination, we consider such factors as the nature and circumstances of the offense, the defendant’s prior criminal record, the defendant’s ability to make bail, the safety of any victims, and community ties including employment, family, non-liquid assets in the community, and length of residence.
(footnote: 5)  It is the defendant’s burden to prove that bail is excessive.
(footnote: 6)  A defendant who is facing very serious charges for multiple offenses and the possibility of a lengthy sentence, either because of the offenses or because of his criminal record, and who has failed to comply with previous bond conditions, will be subject to a substantially higher bail amount to guarantee his appearance in court.
(footnote: 7)  

The record shows that Appellant faces the possibility of two life sentences.
(footnote: 8)  After he was released on bond in the pending stalking and terroristic threat cases, Appellant purchased a nine millimeter handgun.  While he was out on that bond, he was alleged to have committed the two solicitation offenses.  The record also reflects that Appellant has a history of erratic and violent behavior.

The record indicates substantial assets and a disturbing lack of candor with the trial court.  Although Appellant has two grown children and a brother in Cooke County and has lived in the county for a substantial length of time, he testified that he rarely sees his children.  Although he owns real estate in the county, he sold his business, and his income does not depend upon his remaining in Cooke County.  Additionally, Appellant has a timeshare interest in real estate in Colorado, although there is no indication that he purchased this out-of-state interest for the purpose of moving away.

Weighing the evidence in light of the appropriate criteria, we cannot say that the trial court abused its discretion in setting and keeping the bail at $1,000,000 in each case.  Appellant has not shown that he has attempted to make bail and was unable to, nor has he shown that he even contacted a bail bondsman.

Because we hold that the trial court did not abuse its discretion, we overrule Appellant’s three points on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  NOVEMBER 13, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Ex parte Rubac
, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981); 
Ex parte Beard
, 92 S.W.3d 566, 568 (Tex. App.—Austin 2002, pet. ref’d).

3:
Tex. Code Crim. Proc. Ann.
 art. 17.15 (Vernon Supp. 2004); 
Ludwig v. State
, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991).

4:
Tex. Code Crim. Proc. Ann.
 art. 17.15; 
Ludwig
, 812 S.W.2d at 324.

5:
Rubac
, 611 S.W.2d at 850; 
Read v. State
, 959 S.W.2d 228, 230 (Tex. App.—Fort Worth 1998, no pet.).

6:
Rubac
, 611 S.W.2d at 849.

7:
See
 
id. 
at 850; 
Read
, 959 S.W.2d at 230.

8:
See
 
Tex. Penal Code Ann.
 § 15.03(d) (Vernon 2003).