**Delair WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00216–CR.**

Court of Appeals of Texas, Waco.

March 9, 2005.

Stan Schwieger, Waco, for appellant.

**91.** *LaRoche,* 661 So.2d at 863.

**92.** *Id.* at 864.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

This Court reversed Delair Watson's conviction due to the factual insufficiency of the evidence. *See Watson v. State,* No. 10–03–00216–CR, 160 S.W.3d 627, 2005 WL 428438, 2005 Tex.App. LEXIS 1505 (Tex.App.-Waco Feb. 23, 2005, no pet. h.). Watson has filed a motion asking this Court to set his bail under article 44.04(h) of the Code of Criminal Procedure. We will grant the motion in part and set the amount of bail at $10,000.

Article 44.04(h) provides in pertinent part,

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail.

TEX.CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon Supp.2004–2005).

■ For setting the amount of bail pending appeal, the Court of Criminal Appeals has determined that the "primary factors" to consider are "the length of the sentence and the nature of the offense." *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex. Crim.App. [Panel Op.] 1981) (citations

omitted); *accord Aviles v. State,* 26 S.W.3d 696, 698–99 (Tex.App.-Houston [14th Dist.] 2000, order); *Perez v. State,* 897 S.W.2d 893, 895 (Tex.App.-San Antonio 1995, no pet.). Other factors to consider include the defendant's: "work record, family ties, ... length of residency, ability to make the bond, prior criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors involved in the offense." *Rubac,* 611 S.W.2d at 849–50 (citations omitted); *accord Aviles,* 26 S.W.3d at 698; *Perez,* 897 S.W.2d at 895.

The Fourteenth Court in *Aviles* concluded that there are different considerations when a conviction is reversed and the defendant requests the setting of bail under article 44.04(h). Thus, that court concluded that when setting bail under article 44.04(h) an appellate court should consider: "(1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Aviles,* 26 S.W.3d at 699.

■ We agree that these are important considerations. Yet we also must bear in mind that the primary purpose of bail, whether pretrial or posttrial, "is to secure the presence of the accused." *Id.* at 698.

Here, Watson does not request that bail be set in a particular amount, but he does ask this Court to grant a personal bond.[1] The State asks that bail be set in the amount of $20,000.

According to a motion to reduce bail filed early in the proceedings below, a magistrate set Watson's pretrial bail at

---

1. Actually, Watson requests a "personal recognizance" bond. Although this is a commonly-used term, the pertinent statutes use the term "personal bond." *See* TEX.CODE CRIM. PROC. ANN. arts. 17.03, 17.031, 17.032, 17.04 (Vernon Supp.2004–2005). Article 17.04 defines a "personal bond" as a bail bond with no sureties. *Id.* art. 17.04.

$10,000. The trial court denied Watson's request to reduce bail to $2,000.

Regarding the factors set out in *Aviles,* (1) Watson's conviction has been overturned; (2) the State has filed a response indicating that it intends to retry Watson for the offense charged; and (3) our reversal of Watson's conviction is unlikely to be overturned because the State has indicated in its response that it will not file a petition for discretionary review. Therefore, we will focus on setting bail in an amount sufficient to secure Watson's presence at his retrial.

The trial court determined that $10,000 was an appropriate amount of bail to secure Watson's presence at his first trial. Because little has changed since that time, we conclude that $10,000 remains an appropriate amount of bail.

Regarding Watson's request for a personal bond, this Court does not have the authority to grant such relief. According to article 44.04(h), "[t]he sureties on the bail must be approved by the court where the trial was had." TEX.CODE CRIM. PROC. ANN. art. 44.04(h). A personal bond is a bond with no sureties. *Id.* 17.04 (Vernon Supp.2004–2005). Therefore, because a trial court retains authority to approve the sureties on a bond following the reversal of a conviction, we hold that the trial court must likewise approve any request for a personal bond.

Bail is set at $10,000. Watson's request for a personal bond is denied.

IT IS SO ORDERED.

Chief Justice GRAY dissents without a separate opinion.