**Gontrai HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–07–00088–CR.

Court of Appeals of Texas, Waco.

Aug. 22, 2007.

John A. Kuchera, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Gontrai Henderson was convicted by a jury of the state jail felony of possession of methamphetamine. The jury assessed his punishment at two years' confinement and a $2,500 fine and recommended that he be placed on community supervision. The court suspended imposition of sentence and placed Henderson on community supervision for five years. The trial court set bail for appeal at $10,000. Henderson contends: 1) the amount of bail is oppressive; and 2) the appeal bond statute is unconstitutional. We will affirm bail. We will also deny Henderson's motion to reduce the amount of bail to $500.

The trial court's determination of bail pending appeal is upheld unless we find an abuse of discretion. *Anderson v. State,* 99 S.W.3d 650, 651–52 (Tex.App.-Waco 2003, no pet.). The burden is on Henderson to prove the amount of bail is excessive or that the statute is unconstitutional. *See Richardson v. State,* 181 S.W.3d 756, 758 (Tex.App.-Waco 2005, no pet.).

Turning first to his constitutional claim, Henderson argues that the appeal bond statute violates the Equal Protection Clause in that it apparently does not allow a personal bond on appeal even though article 17.03 of the Code of Criminal Procedure does for those awaiting trial. *See* Tex.Code Crim. Proc. Ann. art 17.03 (Vernon 2005), art. 44.04 (Vernon 2006); *see also Watson v. State,* 158 S.W.3d 647, 649 (Tex.App.-Waco 2005, order) (per curiam). Henderson concedes that his claim involves neither a suspect class nor a fundamental right, and therefore, must be analyzed under the rational basis test. Henderson must therefore show the classification is not rationally related to any legitimate government interest. *Clark v. State,* 665 S.W.2d 476, 480–81 (Tex.Crim. App.1984). He merely states that a distinction is made between those charged with a felony and those convicted of a felony, a distinction which has been held constitutional. *See Lewis v. United States,* 445 U.S. 55, 66, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980). *Henderson v. State,* 962 S.W.2d 544, 560 (Tex.Crim.App.1997); *Cortez v. State,* 36 S.W.3d 216, 222 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). We overrule Henderson's complaint that the appeal bond statute is unconstitutional.

Henderson next complains that the amount of bail is oppressive. In setting the amount of bail pending appeal, the primary factors are "the length of the sentence" and "the nature of the offense." *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex. Crim.App. [Panel Op.] 1981); *Watson,* 158 S.W.3d at 648. Other factors include the defendant's work history, family ties, community ties, ability to make bail, prior criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors in the offense. *See Rubac,* 611 S.W.2d at 849–50; *Watson,* 158 S.W.3d at 648.

Henderson concentrates on the fact that he has no means of making bail and never previously failed to appear in court. He also argues that his offense was a nonviolent, state jail felony. The State contends that because of a lengthy criminal history and the fact that Henderson made a $5,000 pre-trial bond which was revoked, a higher bail should be set. Ability to make bail is only one factor to be considered, and the inability to secure release does not render the amount excessive. *Brown v. State*, 11 S.W.3d 501, 504 (Tex.App.-Houston [14th Dist.] 2000, no pet.). We cannot say based on this evidence that the trial court abused its discretion in setting the amount of bail at $10,000. We overrule Henderson's complaint as to the amount of bail.

Henderson has also filed a motion with this Court to reduce the $10,000 bail to $500. For the same reasons, we deny that motion.

We affirm the trial court's decision to set bail at $10,000 and require a surety rather than a personal bond.

Chief Justice GRAY dissents with a note: "Because there is no certification of the defendant's right to appeal the order setting bail pending appeal I would dismiss this proceeding as required by Rule of Appellate Procedure 25.2(d)."