002-11-480-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00480-CR


 
 
 Ex parte Angel Renee Norris
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Angel Renee Norris appeals the denial of her motion to reduce bond pending
appeal.  We affirm.

          A
jury convicted Appellant of assault on a public servant and assessed punishment
at four and a half years’ confinement.  The trial court sentenced Appellant
accordingly.  Appellant filed a motion for new trial, which the trial court
granted as to punishment only.  After a new trial on punishment, Appellant was
sentenced again to four and a half years’ confinement.  Her appeal from that
judgment is still pending.

          The
trial court set Appellant’s bond pending appeal at $11,250 with conditions. 
Although Appellant complied with some of the conditions, while out on bond she
missed two court dates.  The first was December 3, 2010.  According to her
testimony, she was in Dallas that day when her bondsman first told her that that
she had to be in court in thirty minutes.  After she missed that court setting,
the trial court increased her bond to $22,555.  The second missed date was
December 20, 2010.  Appellant testified that she failed to call the court because
she “didn’t want to miss Christmas.”  The trial court increased her bond to $44,555. 
Later, after Appellant was arrested for fraudulent use and possession of
identifying information, the trial court increased her bond to $88,555.

          Appellant
filed an application for a writ of habeas corpus and motion to reduce bond set
on appeal.  At the hearing, she testified that she could afford no more than a $15,000
bond.  The trial court reduced the bond amount from $88,555 to $44,555.  Appellant
now contends that the trial court abused its discretion by not lowering her
bond to $10,000.

          We
review a trial court’s decision setting bond pending appeal for an abuse of
discretion.  Ex parte Dueitt, 529 S.W.2d 531, 532 (Tex. Crim. App.
1975); Read v. State, 959 S.W.2d 228, 229 (Tex. App.––Fort Worth 1998,
pet. ref’d).  Appellant contends that the trial court’s bond was calculated to exceed
her means and to assure her continued incarceration.  She argues that she was
entitled to the bond she requested because she proved that she had ties to the
community, successfully complied with prior bond conditions, missed court
settings only because she received no or insufficient notice, could easily avoid
the complainant, and could afford to post no more than a $15,000 bond. 
Appellant says nothing, however, about evidence in the record that she
committed another offense while out on bond nor does she mention her own
testimony that she skipped one of the court dates because she did not want to
miss Christmas.

          The
record shows that Appellant was charged with assaulting a public servant, missed
court appearances, provided a diluted urine sample for urinalysis and another
that tested positive for methamphetamine,[2] and was arrested for
committing another offense while out on bond.  Having carefully reviewed the
record, we hold that the trial court acted within its discretion by setting
Appellant’s bond at $44,555 and by declining to reduce it to the amount Appellant
requested.  Compare Miller v. State, 855 S.W.2d 92, 94 (Tex.
App.––Houston [14th Dist.] 1993, pet. ref’d) (holding that trial court
reasonably increased bail in response to defendant’s arrest on another charge),
with Read, 959 S.W.2d at 230 (reducing $50,000 bond pending DWI appeal
when State relied only on evidence of appellant’s past criminal history).

          Having
overruled Appellant’s sole point, we affirm the trial court’s order setting
bail at $44,555.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 14, 2012









[1]See Tex. R. App. P. 47.4.





[2]The State concedes that there
is evidence suggesting that medications Appellant had been prescribed at the
time may have caused the urinalysis to yield a positive result for
methamphetamine.