# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-11-00480-CR


EX PARTE ANGEL RENEE
NORRIS

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Angel Renee Norris appeals the denial of her motion to reduce bond pending appeal.  We affirm.

A jury convicted Appellant of assault on a public servant and assessed punishment at four and a half years' confinement.  The trial court sentenced Appellant accordingly.  Appellant filed a motion for new trial, which the trial court granted as to punishment only.  After a new trial on punishment, Appellant was

---

[1]*See* Tex. R. App. P. 47.4.

sentenced again to four and a half years' confinement. Her appeal from that judgment is still pending.

The trial court set Appellant's bond pending appeal at $11,250 with conditions. Although Appellant complied with some of the conditions, while out on bond she missed two court dates. The first was December 3, 2010. According to her testimony, she was in Dallas that day when her bondsman first told her that that she had to be in court in thirty minutes. After she missed that court setting, the trial court increased her bond to $22,555. The second missed date was December 20, 2010. Appellant testified that she failed to call the court because she "didn't want to miss Christmas." The trial court increased her bond to $44,555. Later, after Appellant was arrested for fraudulent use and possession of identifying information, the trial court increased her bond to $88,555.

Appellant filed an application for a writ of habeas corpus and motion to reduce bond set on appeal. At the hearing, she testified that she could afford no more than a $15,000 bond. The trial court reduced the bond amount from $88,555 to $44,555. Appellant now contends that the trial court abused its discretion by not lowering her bond to $10,000.

We review a trial court's decision setting bond pending appeal for an abuse of discretion. *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975); *Read v. State*, 959 S.W.2d 228, 229 (Tex. App.—Fort Worth 1998, pet. ref'd). Appellant contends that the trial court's bond was calculated to exceed

2

her means and to assure her continued incarceration. She argues that she was entitled to the bond she requested because she proved that she had ties to the community, successfully complied with prior bond conditions, missed court settings only because she received no or insufficient notice, could easily avoid the complainant, and could afford to post no more than a $15,000 bond. Appellant says nothing, however, about evidence in the record that she committed another offense while out on bond nor does she mention her own testimony that she skipped one of the court dates because she did not want to miss Christmas.

The record shows that Appellant was charged with assaulting a public servant, missed court appearances, provided a diluted urine sample for urinalysis and another that tested positive for methamphetamine,[2] and was arrested for committing another offense while out on bond. Having carefully reviewed the record, we hold that the trial court acted within its discretion by setting Appellant's bond at $44,555 and by declining to reduce it to the amount Appellant requested. *Compare Miller v. State*, 855 S.W.2d 92, 94 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding that trial court reasonably increased bail in response to defendant's arrest on another charge), *with Read*, 959 S.W.2d at 230 (reducing

---

[2]The State concedes that there is evidence suggesting that medications Appellant had been prescribed at the time may have caused the urinalysis to yield a positive result for methamphetamine.

3

$50,000 bond pending DWI appeal when State relied only on evidence of appellant's past criminal history).

Having overruled Appellant's sole point, we affirm the trial court's order setting bail at $44,555.

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2012