

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00181-CR
_____

KASSIE STEPHENSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 40,573-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After Kassie Stephenson was convicted of burglary of a building, sentenced to fifteen months' confinement in state jail, and ordered to pay a $368.00 fine, the trial court set her bond pending appeal at $40,000.00. When Stephenson's attempt to have the bond lowered was rejected, she appealed that ruling. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (West 2006).[1] We affirm the trial court's judgment.

"The primary objective of the appeal bond is to secure appellant's apprehension if [her] conviction is subsequently affirmed."[2] *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). We review a trial court's decision setting bond pending appeal for an abuse of discretion. *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975); *Read v. State*, 959 S.W.2d 228, 229 (Tex. App.—Fort Worth 1998, no pet.). It is Stephenson's burden to show that the amount of bond is excessive. *See Ex parte Benefield*, 403 S.W.3d 240, 242 (Tex. Crim. App. 2013); *Rubac*, 611 S.W.2d at 849.

Article 17.15 of the Texas Code of Criminal Procedure provides,

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

---

[1] In cases in which the assessed punishment for a felony conviction is less than ten years, the trial court has discretion to deny bail, revoke existing bail, or impose reasonable conditions on bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West 2006). However, the trial court's "statutory authority to deny bail pending appeal in certain cases does not carry with it the authority to set excessive bail in such cases." *Ex parte Harris*, 733 S.W.2d 712, 715 (Tex. App.—Austin 1987, no pet.) (per curiam).

[2] The trial court's certification confirmed that Stephenson had no right of appeal from the underlying order of deferred adjudication. However, a motion for new trial has been filed, and a hearing has been scheduled, with respect to the trial court's findings that Stephenson violated the terms and conditions of her community supervision and its resulting decision to adjudicate guilt. We note, however, that Stephenson stipulated that she violated the terms and conditions of her community supervision.

2

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).

"In considering what constitutes reasonable bail on appeal," "primary factors," such as the nature of the offense and length of the sentence, should be considered. *Rubac*, 611 S.W.2d at 849. Stephenson judicially confessed to having entered, with intent to commit theft, a building located at 934 Rabbit Creek Drive in Kilgore, Texas, and owned by D. Cedillo.[3] The nature of the offense was non-violent, and the length of the sentence imposed was fifteen months' confinement. These facts, taken alone, suggest that a reduction of the appeal bond amount would be appropriate.

However, when considering the nature of the offense, we can also consider where the offense for which she was convicted occurred. Stephenson's mother, Linda Main, testified that Stephenson lived with her at Rabbit Creek Circle prior to the offense and would live with her once again if she were to be released on bond during an appeal. The trial court noted that Main's

---

[3]The offense report included in the record showed that the stolen items were two window air-conditioning units, a refrigerator, a cooking stove, electrical wiring, and a central air-conditioning unit.

residence "[was] in the immediate area" of the building she was convicted of having burglarized. The future safety of the victim is a statutory factor which the court could weigh in denying a bond reduction. TEX. CODE CRIM. PROC. ANN. art. 17.15.

In addition to the primary factors, ability to make bond, existence of a prior criminal record, work record, family ties, length of residency, conformity with previous bond conditions, aggravating factors, and other outstanding bonds are also relevant factors. *Rubac*, 611 S.W.2d at 849–50.

Before her conviction, Stephenson had previously and successfully been released on a $10,000.00 bond but argues that the record demonstrates her inability to obtain and post a $40,000.00 appeal bond. The trial court found that Stephenson was indigent. Main testified that Stephenson had no money and owned no property that could be used as collateral to secure a loan. A criminal defendant's ability to make bond is "merely one factor to be considered in determining the appropriate amount of bond" and is not controlling. *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). "[E]ven indigency, does not control the amount of bail." *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980). "To show that [she] is unable to make bail, a defendant generally must show that [her] funds and [her] family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

According to Main, a bail-bonding company she contacted would require Stephenson to make an initial deposit of $2,300.00 as a condition for issuing such a $40,000.00 bond with the further requirement that she follow-up that initial payment with additional monthly payments.

Main testified that she was disabled, that her sole income was about $470.00 per month in Social Security disability income, and that her nephew (who lived in the home with her) was likewise disabled and received about $840.00 per month from the same source. Main related further that Stephenson's other family and friends were able to supply only about $250.00 toward the payment of an appeal bond. Main failed to testify about her own monthly expenses. She claimed she could make a premium payment on a bond of only about $2,500.00 to $5,000.00, not the $40,000.00 appeal bond amount set by the trial court. Although Main testified that Stephenson lived in the same house with Main and Main's nephew, together with "her grandmother and -- and my son," the finances of neither Stephenson's grandmother nor her brother were discussed. Main also failed to testify whether she or any other family member possessed collateral with which to secure a loan for the payment of bonding fees. From the record, it is not entirely clear that Stephenson's family's resources have been exhausted to the extent that the requested bond fee could not be satisfied.

Stephenson points out that there is nothing in the record to suggest that she had a prior criminal record. Instead, she maintains, the record shows that "[s]he's lived here all her life" and has family ties to the area, no aggravating factors were involved in the burglary, there is no record of any other outstanding bonds, and counsel believed Stephenson had "made her court appearances" and had not fled while subject to community supervision.

However, Stevenson's deferred adjudication community supervision was revoked after she failed "to report to [her] designated Probation Officer . . . in person for the months of March, April, and May, 2013," and she signed a stipulation of evidence confirming her failure to do so.

5

The court recalled that "[t]hroughout her entire pretrial and then even on -- when she was on probation, the defendant had a problem reporting to Pretrial Services, and then one of the issues she got revoked on was reporting on probation." Main testified that Stephenson's previous failures were due to a lack of available transportation but added that she had recently acquired an automobile which would provide Stephenson transportation to court appearances. Stephenson has no work history, no property in the area, and no checking or savings accounts but now has access to an automobile. The record could lead the trial court to determine, in its discretion, that Stephenson—now faced with a jail sentence—could be a flight risk.

"[T]he statutes treat conditions on pre-trial bond differently from conditions on bail pending appeal." *Ex parte Anderer*, 61 S.W.3d 398, 401 (Tex. Crim. App. 2001). A condition of bail pending appeal "must only be 'reasonable.'" *Id.* at 402. Given the close proximity of Main's home to the location of the offense committed by Stephenson and her failure to report to the community supervision officer despite having been ordered to do so, we conclude that Stephenson has not met her burden to show that the trial court abused its discretion in setting a $40,000.00 post-conviction bond.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     September 6, 2013
Date Decided:       September 17, 2013

Do Not Publish