

# NUMBER 13-13-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ABRAHAM JACOB PROENZA,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

### On appeal from the 445th District Court
### of Cameron County, Texas.

# ORDER ON MOTION TO SET BAIL

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Order Per Curiam

On July 23, 2015, this Court issued an opinion reversing appellant Abraham Jacob Proenza's conviction for injury to a child by omission and remanding the case to the trial court for further proceedings consistent with our opinion. *See Proenza v. State*, No. 13-13-00172-CR, 2015 WL 4511431, at *1 (Tex. App.—Corpus Christi July 23, 2015, no

pet. h.).   On July 31, 2015, Proenza filed a motion pursuant to article 44.04(h) of the code of criminal procedure asking this Court to release him on a personal bond, or in the alternative, to set reasonable bail in this case.   *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West, Westlaw through Ch. 46, 2015 R.S.).   On August 14, 2015, the State responded.   The State did not oppose Proenza's release on bail, but instead requested that bail be set at $50,000, which is twice the pre-trial bail amount.   Proenza replied on August 17, 2015, reiterating his position.

The primary purpose of setting bail, both pre-trial and post-appeal, "is to secure the presence of the accused."   *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.—Houston [14th Dist.] 2000, order).   Article 44.04(h) of the Texas Code of Criminal Procedure provides the following:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. . . .

TEX. CODE CRIM. PROC. ANN. art. 44.04(h).   Article 17.15 of the Texas Code of Criminal Procedure requires courts to consider the following in making their determinations to set bail:

1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.    The power to require bail is not to be so used as to make it an instrument of oppression.

3.    The nature of the offense and the circumstances under which it was committed are to be considered.

4.    The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* art. 17.15 (West, Westlaw through Ch. 46, 2015 R.S.). The court of criminal appeals has provided additional factors to consider that other courts have applied to setting bail: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Aviles*, 26 S.W.3d at 698 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981)).

Typically, courts give greater weight to two considerations in setting bail: the nature of the offense and the length of the sentence. *Id.* at 698–99. The Fourteenth Court of Appeals has held, however, that for an article 44.04(h) request where a conviction is reversed, "the primary factors that should be considered by the court of appeals are (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Id.* at 699.

With these several considerations in mind, we turn to Proenza's motion and affidavit, the State's response, and Proenza's reply. Proenza's motion and reply specifically address many of the factors we are to consider in determining reasonable bail. Proenza sets out in his affidavit that he was convicted on February 19, 2013 and sentenced to forty years' incarceration for his conviction. Additionally, Proenza avers that he had worked at a daycare center and had attended business school prior to his

3

incarceration; has significant family ties in the Cameron County area; has resided there the "majority of [his] life"; and before trial he was on bond for almost five years and never missed a court date, adhered to his bond conditions, and reported as directed. He also stated that he is now indigent "because [he has] been in prison for over two years."

The State has indicated that it intends to file a petition for discretionary review with the Texas Court of Criminal Appeals. With respect to the likelihood that the court of criminal appeals will reverse our decision, we are respectfully hesitant to predict the high court's disposition of such a petition. We will go only so far as to say we remain confident that our majority decision, to which one justice dissented, that the trial court's comments showed lack of impartiality and so influenced the jury's verdict was correct under the law. Nonetheless, if this case is remanded for a new trial, it is likely the State will retry the case because, as set out in its response, the State believes "the prospect for a conviction on re-trial remains very real" based on our determination that the evidence was sufficient to support Proenza's conviction in the first trial. And nothing in our opinion suggests that the State's likelihood of conviction on retrial would be materially diminished, except to the extent the trial court's conduct influenced the jury's decision. Given these considerations, Proenza's position now is much like his position was before trial, with the exception of his indigent status. We also note that his affidavit contained no information regarding the present location of his wife and children. He identified only his mother and father as family living in Cameron County, not his wife and children.

Proenza's pre-trial bail, originally set at $100,000, was subsequently reduced, following indictment, to $25,000, cash or surety. Considering the factors on which we have been provided information and endeavoring to strike a balance between ensuring

4

Proenza's presence and avoiding oppressive bail, we GRANT Proenza's Motion for Release on Bail Pending Final Determination on Appeal and set reasonable bail pending final determination of appeal at $25,000. See TEX. CODE CRIM. PROC. ANN. art. 44.04(h). The trial court must set any conditions on bail, and the trial court must approve any sureties on bail.[1] See id. arts. 17.40–.49 (West, Westlaw through Ch. 46, 2015 R.S.) (allowing a magistrate to set the conditions on bail), 44.04(h) (requiring the trial court to approve sureties); Leonard v. State, 376 S.W.3d 886, 890 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding that the trial court has authority to set reasonable conditions for bail set under section 44.04(h)).

We direct the Cameron County District Clerk to file a copy of this order in trial court cause number 10-CR-727-I in the 445th District Court of Cameron County, the court to which this case was transferred on July 27, 2015.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of August, 2015.

---

[1] In his motion, Proenza requests a personal bond. However, "[t]his Court does not have the authority to grant such relief." Watson v. State, 158 S.W.3d 647, 649 (Tex. App.—Waco 2005, order) (per curiam). Article 44.04(h) provides that "[t]he sureties on the bail must be approved by the court where the trial was had." TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West, Westlaw through Ch. 46, 2015 R.S.). And a personal bond is a bond with no sureties. Id. art. 17.04 (West, Westlaw through Ch. 46, 2015 R.S.); see id. art. 17.08 (West, Westlaw through Ch. 46, 2015 R.S.). Because a trial court retains authority to approve the sureties on a bond following the reversal of a conviction, the trial court must likewise approve any request for a personal bond. See Watson, 158 S.W.3d at 649; see also TEX. CODE CRIM. PROC. ANN. art. 17.03(b)(1) (West, Westlaw through Ch. 46, 2015 R.S.) (providing that "[o]nly the court before whom the case is pending may release on personal bond a defendant who . . . is charged with . . . [i]njury to a child").