

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00061-CR

———————————————————

JAVIER DIAZ JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1633717

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Javier Diaz Jr. appeals the trial court's denial of his request for bond pending appeal. We will affirm the trial court's order.

## I. BACKGROUND

Diaz was sentenced to six years' incarceration after entering a nonnegotiated plea of guilty—an "open" plea—to the felony offense of failure to comply with sex offender registration requirements. *See* Tex. Code Crim. Proc. Ann. art. 62.102; *see also Harper v. State*, 567 S.W.3d 450, 454–455 (Tex. App.—Fort Worth 2019, no pet.). Diaz filed a direct appeal of his conviction[1] and then an application for writ of habeas corpus that requested the trial court to set a reasonable bond pending his appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04; *see also Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981).

At a hearing on his application, Diaz's sister, Liza Diaz, was the sole testifying witness. Liza testified that Diaz was required to comply with sex offender registration laws due to his conviction in 1992 of aggravated sexual assault involving a six-year-old victim. For approximately three years leading up to Diaz's arrest in 2019 for the instant offense, he and Liza took care of their ailing father at their parents' house. Though this required Diaz to stay at this house "pretty much all the time," Liza

---

[1]Diaz's direct appeal is currently pending before this court in *Javier Diaz Jr. v. State*, No. 02-22-00054-CR. *See Fennell v. State*, 958 S.W.2d 289, 292 (Tex. App.—Fort Worth 1997, no pet.) (instructing that an appellant may appeal conviction from an "open" plea, though only on limited grounds).

contended that Diaz actually resided elsewhere with his wife.  She admitted, however, that she, her family, and Diaz all knew that Diaz was prohibited from living in their parents' house because it was so near a school.[2]  Liza also confirmed that Diaz had been arrested on a separate occasion for failing to register his address at a time when he was homeless and "afraid of not having a place to live."

According to Liza, Diaz had lived his entire life in the Dallas-Fort Worth metroplex; most of his immediate family members also live in the area and are available to ensure his appearance before the trial court.  Liza recounted that she had served as the guarantor on his recent bond and that Diaz had fully complied with all terms of that bond before his conviction.  She also outlined an extensive list of health issues from which Diaz suffers, including:

- end-stage renal failure requiring dialysis;
- a recent heart-attack that precipitated the insertion of an artificial heart valve;
- high blood pressure;
- high cholesterol;
- diabetes;
- neuropathy in his feet;
- balance issues due to having degraded hips;
- four recently-broken bones in his foot that require surgery; and
- pain from a broken back and broken ribs.

---

[2]Diaz's recent conviction stemmed from his failure to report his parents' address as required under the Texas sex offender registration program.  *See* Tex. Code. Crim. Proc. Ann. art. 62.102.

Liza testified that, if released on bond, Diaz would live with his wife and that their only sources of income were disability benefits that they both received. If Diaz continued to be detained, Liza believed that he would lose his medical care and disability benefits.

The trial court denied Diaz's application, citing concerns about the underlying sexual assault offense and "the requirement to report and what that entails and the inability to do that as well."

## II. DISCUSSION

We review a trial court's denial of bail pending appeal under the highly deferential abuse of discretion standard. *Shugart v. State*, 994 S.W.2d 367, 369 (Tex. App.—Waco 1999, no pet.); *see Short v. State*, 923 S.W.2d 168, 169 (Tex. App.—Fort Worth 1996, no pet.). A trial court abuses its discretion only if its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Shugart*, 994 S.W.2d at 369 (quoting *Heiselbetz v. State*, 906 S.W.2d 500, 517 (Tex. Crim. App. 1995)).

Article 44.04 allows certain defendants convicted of felony offenses to be admitted to bail pending appeal. Tex. Code Crim. Proc. Ann. art. 44.04(b)–(c). However, a "trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail." *Id.* art. 44.04(c).

While we are sympathetic to Diaz's serious health issues, the evidence adduced at the hearing showed that Diaz had knowingly violated the sex offender registration requirements for a period of at least three years before his arrest—he admitted as much by pleading guilty to the offense. This violation occurred in full-view of his family members, including Diaz's sister who admitted to knowing that his presence at their parents' house was unlawful. It is into the care of these same family members that Diaz seeks to be released pending his appeal. Furthermore, the evidence showed that this was not an isolated violation—Liza admitted that Diaz had previously failed to report his address as required.

Added together, this evidence could have led the trial court to believe that Diaz was likely to commit another offense if he was released on bail pending his appeal. The trial court expressed precisely this concern when it denied Diaz's request for bail.

## III. CONCLUSION

Because we cannot conclude that the trial court abused its discretion, we affirm the trial court's order.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 2, 2022