## A. MILLER V. STATE

No. 28,924. April 3, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 15, 1957.

*Sam L. Harrison,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant and one George B. Shaw were indicted for theft of a check in the sum of $345.00 and of that value signed by Mrs. T. C. Johnston, drawn on Chas. Schreiner Company and payable through Chas. Schreiner Bank, Kerrville, Texas.

Severance was granted and appellant, being tried first, was convicted and assessed a term of two years in the penitentiary. From such conviction he prosecutes this appeal.

The court, in his charge, submitted the case to the jury as one of theft by false pretext and there are no objections or exceptions to the charge and no requested charges.

No brief has been filed and there are no formal bills of exception.

The evidence shows that appellant and George B. Shaw went to the home of Mrs. Johnston, who was 84 years of age and lived alone in her home in Kerrville; that appellant said he was giving free demonstrations on termites, "wood moths" and insects; that she told him she didn't have such and had just had her place done over; that appellant said it was a free demonstration and would not cost her anything for them to inspect it.

Shaw then went into Mrs. Johnston's attic and when he came down stated: "Oh me, your place is just walking away

with wood moths * * * if you don't soon have it sprayed * * * the whole ceiling will fall in on you."

Shaw then returned to the attic carrying a small can and after a few minutes came down. Appellant then stated that demonstration was free but there was a charge for the spray, and Mrs. Johnston signed the check described in the indictment which appellant had filled out.

The evidence shows that appellant presented the check at the Chas. Schreiner Company but was asked to wait until Mr. W. G. Garrett, Jr., Mrs. Johnston's son-in-law who was the treasurer of the company and who also looked after Mrs. Johnston's business affairs, returned. He departed before Mr. Garret returned to the store.

The check was cashed at Joske's of Texas in San Antonio, $32.00 being applied on budget accounts of A. Miller, but payment was stopped before the check was paid by the Chas Schreiner Company. Thereafter, by agreement, Mrs. Johnston paid to Joske's of Texas the sum of $162.50 and secured the check and it was offered in evidence at the trial.

Garret Schmerbeck, cashier at Chas. Schreiner Company, identified appellant as the man who presented the check for payment and, having compared the endorsement with the name of the payee, expressed the opinion that both were in the same handwriting. He testified that Mrs. Johnston had more than enough money on deposit with Chas. Schreiner Company to pay the check.

Chief of Police Moss was contacted when Mr. Garrett learned of the check and, after he and County Attorney Petsch had conferred with Mrs. Johnston, J. W. Cass, local manager for a licensed and bonded exterminator company, was asked to make an inspection of Mrs. Johnston's home.

Mr. Cass testified at length regarding his training and experience in extermination work and as to his inspection of the attic area as well as the underside of the Johnston house. He testified that he examined the whole attic area and found no evidence of any spray and no insects other than "the usual accumulation of spiders and the type of insects that will stay in a place that's unoccupied;" that there was no such insect as a "wood moth." Mr. Cass further testified that he saw no evidence that any part of the attic had been eaten by any kind of

insect and no evidence of danger of the attic falling in, and that had he treated Mrs. Johnston's attic with the preparation his company used the expense of a single treatment would have been from ten to fifteen dollars. Also, he testified that there were no carpenter ants and no termites in the attic, dead or alive, and no evidence that there had been.

Appellant did not testify.

We find the evidence sufficient to sustain the conviction.

The informal bills of exception shown in the statement of facts have been examined and none shows reversible error.

The judgment and sentence recite the offense to be theft without designating it as a felony.

The judgment and sentence are reformed so as to adjudge appellant guilty of theft by false pretext of property of the value of $50.00 or over, and to sentence him for that offense.

As reformed, the judgment is affirmed.