NO. 07-08-0241-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

IN THE MATTER OF L.L., JR., A CHILD
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A2193-0609; HONORABLE ROBERT W. KINKAID, JR., JUDGE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, L.L., Jr., appeals from the trial courtâs order modifying the disposition to
commit him to the Texas Youth Commission (TYC). Through one issue, he contends the
trial court erred when it failed to make a statutorily-required determination in its written
judgment. We will modify the trial courtâs judgment to reflect the omitted finding and affirm
it as modified.
Background
Â Â Â Â Â Â Â Â Â Â In October 2006, appellant was found to be a child engaged in delinquent conduct
on his plea of âtrueâ to an allegation he committed burglary of a habitation. He was placed
on probation until his eighteenth birthday. The State filed two motions to modify the
disposition in 2007. The first was dismissed. After a hearing held in August 2007 as to the
second, appellant was placed in a rehabilitation program outside of his home.


 In March
2008, the State filed another motion to modify the disposition. A hearing was held in May
2008 wherein appellant plead ânot trueâ to the allegations. The court found the allegations
to be true and modified the disposition to commit appellant to TYC.
Â Â Â Â Â Â Â Â Â Â The oral pronouncements made by the trial court regarding its decision included the
pronouncement âthat [appellant] cannot be provided the quality of care and level of support
and supervision that [he] need[s] to meet the conditions of probation.â But this
pronouncement was not included in the written judgment, contrary to the statutory
requirement in section 54.05(m)(1)(C) of the Family Code. Appellant timely appealed.
AnalysisVia his sole point of error, appellant complains the trial court erred in failing to
include the [above-noted] statutorily-directed finding in the written judgment. Because
appellant complains only of an omission in the written judgment and not the trial courtâs
decision to place appellant in TYC, we will address only the evidence pertinent to the
omitted finding.
Â 
Â Â Â Â Â Â Â Â Â Â Section 54.05(m)(1)(C) (Vernon 2007) provides:
(m) If the court places the child on probation outside the childâs home or commits the
child to the Texas Youth Commission, the court:
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (1) shall include in the courtâs order a determination that:
Â 
(C) the child, in the childâs home, cannot be provided the quality of
care and level of support and supervision that the child needs to meet
the conditions of probation . . . .
Â Â Â Â Â Â Â Â Â Â This Court has authority to correct, modify and reform a judgment to make the record
speak the truth when the matter has been called to its attention and it has the necessary
information to do so. In re K.B., 106 S.W.3d 913, 916 (Tex.App.âDallas 2003, no pet.); In
re J.K.N., 115 S.W.3d 166, 174 (Tex.App.âFort Worth 2003, no pet.) (court is authorized
to modify juvenile courtâs judgment); Asberry v. State, 813 S.W.2d 526, 529
(Tex.App.âDallas 1991, pet. refâd). This power extends to reforming, correcting or modifying
the written judgment to include omitted findings. See, e.g., French v. State, 830 S.W.2d
607, 609 (Tex.Crim.App. 1992) (court of appeals properly granted Stateâs motion to reform
trial courtâs judgment to include the juryâs affirmative deadly weapon finding); Cobb v. State,
95 S.W.3d 664, 668 (Tex.App.âHouston [1st Dist.] 2002, no pet.) (courtâs power includes
adding a deadly-weapon finding to a judgment that erroneously omitted a fact-finderâs
deadly-weapon finding); Asberry,Â 813 S.W.2d at 529-31) (adding deadly-weapon finding). 
The authority of the appellate courts to reform judgments is not limited to those situations
involving mistakes of a clerical nature. Bigley v. State, 865 S.W.2d 26, 27 (Tex.Crim.App.
1993). The necessary information is provided in the record here. Accordingly, we are
authorized to modify the trial courtâs judgment. Tex. R. App. P. 43.2(b). 
Â Â Â Â Â Â Â Â Â Â At the close of the May 2008 hearing, the trial court stated the following findings on
the record:
Â Â Â Â Â Â Â Â Â Â This court finds that you are a juvenile who is in need of rehabilitation. I further fined
[sic] that the public needs protection from you. I find that it would be in the best interest of
yourself that you be placed outside your home, that you cannot be provided the quality of
care and level of support and supervision that you need to meet the conditions of probation;
that there have been reasonable efforts made by this Court to eliminate the need for your
removal and make it possible for you to return to your home.
Â 
Â Â Â Â Â Â Â Â Â Â I particularly take notice of the fact that this is the second time I have found that you
have violated your probation. I gave you a [break] once before; so therefore, it will be the
order of the Court that you shall be committed to the Texas Youth Commission where
theyâre authorized by law to keep you until your 21st birthday.
Â 
Â Â Â Â Â Â Â Â Â Â However, as both parties agree, the courtâs written order committing appellant to TYC
failed to include the requisite determination that âthe child, in the childâs home, cannot be
provided the quality of care and level of support and supervision that the child needs to
meet the conditions of probation.â Tex. Fam. Code Ann. Â§ 54.05(m)(1)(C) (Vernon 2007).
Â Â Â Â Â Â Â Â Â Â Appellant argues this omission requires the reversal of the judgment and remand of
the case. Appellant relies on the decision in In re J.T.H., 779 S.W.2d 954 (Tex.App.âAustin
1989, no pet.) for this proposition. There, the trial court stated in its order that it was in the
childâs best interest to be placed outside the home but it made no finding whether efforts
were made to keep the child at home. The court concluded that by omitting its
determination concerning efforts to keep appellant in his home, the trial court failed to
comply with section 54.04(g). As a result, the appellate court reversed the trial courtâs order
of disposition and remanded the cause. As noted by the State here, however, the J.T.H.
opinion does not clearly indicate whether the trial court made oral findings with regard to the
information omitted from the order. Because the trial court did so here, we find In re J.T.H.
distinguishable. 
Â Â Â Â Â Â Â Â Â Â Not only did the trial court make the finding that appellant could not be provided the
quality of care and level of support and supervision in his home that he needs to meet the
conditions of probation, the evidence of record supports the finding. The trial judge who
made the finding presided over the prior proceedings involving appellant and had repeatedly
found appellant could not be provided the quality of care and level of support and
supervision needed to meet the conditions of his probation at home.


 Evidence supporting
the trial courtâs finding was presented at each of the proceedings. The evidence presented
showed appellantâs mother was incarcerated for transporting illegal drugs across the border
from the beginning of the case until after appellant was committed to TYC. Appellantâs
father failed to appear at one modification hearing despite being properly served notice. 
Appellantâs father was out of the country for at least one week, leaving his eight children
without adult supervision. While in his fatherâs custody, appellant regularly smoked
marijuana and crack cocaine. Appellant committed additional offenses immediately after
being released from a rehabilitation program and from county jail. 
Â 
Â Â Â Â Â Â Â Â Â Â Â We modify the trial courtâs order modifying disposition to commit appellant to TYC
to reflect the trial courtâs oral pronouncement that âthe child, in the childâs home, cannot be
provided the quality of care and level of support and supervision that the child needs to
meet the conditions of probation.â Tex. Fam. Code Ann. Â§ 54.05(m)(1)(C) (Vernon 2007). 
See Tex. R. App. P. 43.2(b); Bigley, 865 S.W.2d at 27-28; Asberry,Â 813 S.W.2d at 529-30.



Â 
Â Â Â Â Â Â Â Â Â Â As modified, we affirm the trial courtâs judgment.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 
Â 



ion:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-priority:99;
 vertical-align:super;}
span.MsoEndnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoEndnoteText, li.MsoEndnoteText, div.MsoEndnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Endnote Text Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
a:link, span.MsoHyperlink
 {mso-style-priority:99;
 color:blue;
 text-decoration:underline;
 text-underline:single;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.EndnoteTextChar
 {mso-style-name:"Endnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Endnote Text";
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-bidi-language:EN-US;}
span.pmterms11
 {mso-style-name:pmterms11;
 mso-style-unhide:no;
 color:black;
 font-weight:bold;
 font-style:normal;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0192-CR\(C\)%20%20Opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0192-CR\(C\)%20%20Opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0192-CR\(C\)%20%20Opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0192-CR\(C\)%20%20Opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0192-CR\(C\)%20%20Opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-0192-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL C

Â 

 JANUARY 27, 2011



Â 

Â 



Â 

Â 

OLIVIA REYES TIENDA, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 

Â 



Â 

Â FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

Â 

NO. 2009-422,182; HONORABLE CECIL PURYEAR, JUDGE



Â 

Â 



Â 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â  This is an
accelerated appeal[1]
wherein Appellant, Olivia Reyes Tienda, requests this Court to review the trial
court's order denying bail pending the appeal of her conviction for credit card
abuse, a state jail felony offense.[2]Â  In the underlying proceeding, Appellant was
sentenced to two years confinement.Â  By her
sole issue, she asserts the trial court abused its discretion in denying her an
appeal bond because the State failed in its burden to show good cause that she
is likely to commit another offense while on bail.[3]Â  

Â Â Â Â Â Â Â Â Â Â Â  Standard
of Review

Â Â Â Â Â Â Â Â Â Â Â  We review a trial court's decision
to deny an appeal bond under an abuse of discretion standard; Ex parte Spaulding, 612 S.W.2d 509, 511
(Tex.Crim.App. 1981), and ask whether the trial judge's "decision was made
without reference to any guiding rules or principles or, in other words, if the
decision was arbitrary or unreasonable."Â 
Davis v. State,
71 S.W.3d 844, 845-46 (Tex.App.--Texarkana 2002, no pet.) (citing Montgomery v.
State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990)).Â  So long as the trial court's decision falls
within the "zone of reasonable disagreement," we must uphold the
trial court's decision even if we would have reached a different result.Â  Id. at 845.Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  Appeal Bond

Â Â Â Â Â Â Â Â Â Â Â  There is no federal or state
constitutional right to bail pending appeal.Â 
Dallas v. State, 983 S.W.2d
276, 278 n.1 (Tex.Crim.App. 1998). Â See Ex parte Cole, 43 S.W.3d 713, 716 (Tex.App.--Fort Worth 2001,
no pet.) (citing Ex parte Lowe, 573 S.W.2d 245, 247 (Tex.Crim.App. [Panel Op.]
1978)).Â  In Texas, a defendant's right to
bail pending appeal is governed by the provisions of articles 44.04 and Chapter
17 of the Texas Code of Criminal Procedure.Â 
See Dallas, 983 S.W.2d at 278 (citing Ex parte Davila, 623 S.W.2d 408, 410
(Tex.Crim.App. 1981)) (holding that the Chapter 17 procedures concerning bail
are modified and supplemented by article 44.04 after an accused has been
convicted and post-verdict proceedings are initiated).

Â Â Â Â Â Â Â Â Â Â Â  Generally, a defendant convicted of
a felony offense may be eligible for release on a reasonable appeal bond unless
there exists good cause to believe that he or she will
not appear when his or her conviction becomes final or is likely to commit
another offense while on bond.Â  See art. 44.04; Compian v. State, 7 S.W.3d 199, 200
(Tex.App. --Houston [14th Dist.] 1999, no pet.) (citing
Mayo v. State, 611 S.W.2d 442, 444
(Tex.Crim.App. 1981)).[4]Â  Here, following a hearing, the trial court denied
an appeal bond based on its finding that Appellant was likely to re-offend in
the event she was released from jail.

Â Â Â Â Â Â Â Â Â Â Â  At the hearing, the State produced
evidence that Appellant was under investigation by the 286th
Judicial District Attorney's Office in 2006 for exploiting an elderly couple through
forgery and theft.Â  The investigation was
prompted by bank employees who observed Appellant accompanying an elderly couple
to the bank during a loan application review and while cashing checks written
on the elderly couple's accounts.[5]Â  When the bank employees checked one account,
they discovered that thirty-eight thousand dollars had been withdrawn during
the four months the couple had been observed with Appellant, leaving a balance
of less than a hundred dollars.Â  When
bank employees attempted to separate Appellant from the elderly couple in order
to speak with them privately, Appellant became uncooperative and belligerent.Â  Shortly thereafter, they closed their account
with the bank.[6]Â  When the investigator confronted Appellant,
she admitted that the couple had agreed to pay her one hundred twenty-five
dollars a week to clean their house but had given her thousands of dollars to
pay her bills and make her car payments.Â 
Appellant was ultimately charged with altering a check made out by the
couple to her from fifty dollars to one hundred fifty dollars.Â  The couple agreed that the check had been
altered and a grocery employee positively identified Appellant as the person
who cashed the altered check.Â 
Ultimately, however, the District Attorney's Office did not pursue criminal
charges against Appellant because the couple was unable to testify due to an
onset of dementia.

Â Â Â Â Â Â Â Â Â Â Â  More recently, while incarcerated, Appellant
made a telephone call to her daughters wherein she asked one daughter to go to an
elderly woman's house on the pretext of taking her garbage out and described
how she could obtain money by deceiving the elderly woman.[7]Â  She proposed a variety of lies her daughter should
use to obtain money from the woman.Â  Based
upon the past investigation and this new information, Kevin Davis, Hockley
County Sheriff, and Brandy Montgomery, a bank employee, opined that, if
Appellant made bond, she would absolutely, or very likely, commit another
crime.Â  

Â Â Â Â Â Â Â Â Â Â Â  Given the findings of the elderly-exploitation
investigation in 2006 and her recent telephone call from jail encouraging her
daughter to obtain money from an elderly person by false pretext or deception,[8] we cannot say that the
trial court's decision to deny an appeal bond was "so clearly wrong as to
lie outside that zone within which reasonable persons might disagree."Â  Shugart,
994 S.W.2d at 369 (quoting Heiselbetz v.
State, 906 S.W.2d 500, 517 (Tex.Crim.App. 1995)).Â  This is particularly so as the investigation
report and recent phone call from jail suggest a continuous pattern of such
behavior undeterred by her present incarceration.Â  Accordingly, Appellant's sole issue is overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  The trial
courtÂs order denying bail is affirmed.Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Patrick
A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â  JusticeÂ  

Do not publish.











[1]An
appeal of any judgment or order pertaining to an Appellant's right to bond
pending appeal "shall be given preference by the appellate
court."Â  Tex. Code
Crim. Proc. Ann. article 44.04(g) (West 2006).Â  For convenience, provisions of the Texas Code
of Criminal Procedure will hereafter be cited as "article ____" or
"art. ____."Â  

Â 





[2]See Cause No. 07-10-0257-CR, Olivia Reyes Tienda v. State, presently
pending before this Court.





[3]See art. 44.04(c) (West
2006); Ex parte Castaneda, 739 S.W.2d
456, 457 (Tex.App.--Corpus Christi 1987, no pet.). 





[4]When
a court sets bail, certain factors should be considered in reviewing whether
the bail is reasonable such as length of the sentence, nature of the offense,
work record, family ties, length of residence and ability to make bail.Â  See
Swinnea v. State, 614 S.W.2d 453, 455 (Tex.Crim.App. 1981); Ex parte Rubac, 611 S.W.2d 848, 849-50
(Tex.Crim.App. 1981).Â  However, when a
court denies bail, the decision is based upon whether the record shows that the
defendant is likely to commit another offense while on bail or would not appear
when his conviction became final.Â  Art. 44.04(c); Shugart v. State,
994 S.W.2d 367, 369 (Tex.Crim.App. 1999).Â Â Â Â Â  





[5]The couple was in their eighties and the
woman had recently suffered a stroke.Â 
Her memory and mental state were not clear.Â Â  





[6]The
investigative report indicated that, prior to moving their money to this bank, the couple had moved their money from another bank
when bank employees confronted them with their suspicions that Appellant was
exploiting them.Â  The bank employees at
the prior bank also became suspicious when they observed Appellant cashing
multiple checks written by the couple on their account.Â Â  





[7]Appellant
and her daughter had been cleaning the woman's house for several years.Â  Appellant's husband testified the woman was
making payments to them for Appellant's medications. 





[8]See Tex. Penal Code Ann. Â§Â§ 31.02, 31.03
(West Supp. 2010); Miller v. State,
164 Tex. Crim. 628, 301 S.W.2d 672, 672-73 (1957).Â