NO. 07-10-0192-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 JANUARY 27, 2011



 

 



 

 

OLIVIA REYES TIENDA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2009-422,182; HONORABLE CECIL PURYEAR, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            This is an
accelerated appeal[1]
wherein Appellant, Olivia Reyes Tienda, requests this Court to review the trial
court's order denying bail pending the appeal of her conviction for credit card
abuse, a state jail felony offense.[2]  In the underlying proceeding, Appellant was
sentenced to two years confinement.  By her
sole issue, she asserts the trial court abused its discretion in denying her an
appeal bond because the State failed in its burden to show good cause that she
is likely to commit another offense while on bail.[3]  

            Standard
of Review

            We review a trial court's decision
to deny an appeal bond under an abuse of discretion standard; Ex parte Spaulding, 612 S.W.2d 509, 511
(Tex.Crim.App. 1981), and ask whether the trial judge's "decision was made
without reference to any guiding rules or principles or, in other words, if the
decision was arbitrary or unreasonable." 
Davis v. State,
71 S.W.3d 844, 845-46 (Tex.App.--Texarkana 2002, no pet.) (citing Montgomery v.
State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990)).  So long as the trial court's decision falls
within the "zone of reasonable disagreement," we must uphold the
trial court's decision even if we would have reached a different result.  Id. at 845.    

            Appeal Bond

            There is no federal or state
constitutional right to bail pending appeal. 
Dallas v. State, 983 S.W.2d
276, 278 n.1 (Tex.Crim.App. 1998).  See Ex parte Cole, 43 S.W.3d 713, 716 (Tex.App.--Fort Worth 2001,
no pet.) (citing Ex parte Lowe, 573 S.W.2d 245, 247 (Tex.Crim.App. [Panel Op.]
1978)).  In Texas, a defendant's right to
bail pending appeal is governed by the provisions of articles 44.04 and Chapter
17 of the Texas Code of Criminal Procedure. 
See Dallas, 983 S.W.2d at 278 (citing Ex parte Davila, 623 S.W.2d 408, 410
(Tex.Crim.App. 1981)) (holding that the Chapter 17 procedures concerning bail
are modified and supplemented by article 44.04 after an accused has been
convicted and post-verdict proceedings are initiated).

            Generally, a defendant convicted of
a felony offense may be eligible for release on a reasonable appeal bond unless
there exists good cause to believe that he or she will
not appear when his or her conviction becomes final or is likely to commit
another offense while on bond.  See art. 44.04; Compian v. State, 7 S.W.3d 199, 200
(Tex.App. --Houston [14th Dist.] 1999, no pet.) (citing
Mayo v. State, 611 S.W.2d 442, 444
(Tex.Crim.App. 1981)).[4]  Here, following a hearing, the trial court denied
an appeal bond based on its finding that Appellant was likely to re-offend in
the event she was released from jail.

            At the hearing, the State produced
evidence that Appellant was under investigation by the 286th
Judicial District Attorney's Office in 2006 for exploiting an elderly couple through
forgery and theft.  The investigation was
prompted by bank employees who observed Appellant accompanying an elderly couple
to the bank during a loan application review and while cashing checks written
on the elderly couple's accounts.[5]  When the bank employees checked one account,
they discovered that thirty-eight thousand dollars had been withdrawn during
the four months the couple had been observed with Appellant, leaving a balance
of less than a hundred dollars.  When
bank employees attempted to separate Appellant from the elderly couple in order
to speak with them privately, Appellant became uncooperative and belligerent.  Shortly thereafter, they closed their account
with the bank.[6]  When the investigator confronted Appellant,
she admitted that the couple had agreed to pay her one hundred twenty-five
dollars a week to clean their house but had given her thousands of dollars to
pay her bills and make her car payments. 
Appellant was ultimately charged with altering a check made out by the
couple to her from fifty dollars to one hundred fifty dollars.  The couple agreed that the check had been
altered and a grocery employee positively identified Appellant as the person
who cashed the altered check. 
Ultimately, however, the District Attorney's Office did not pursue criminal
charges against Appellant because the couple was unable to testify due to an
onset of dementia.

            More recently, while incarcerated, Appellant
made a telephone call to her daughters wherein she asked one daughter to go to an
elderly woman's house on the pretext of taking her garbage out and described
how she could obtain money by deceiving the elderly woman.[7]  She proposed a variety of lies her daughter should
use to obtain money from the woman.  Based
upon the past investigation and this new information, Kevin Davis, Hockley
County Sheriff, and Brandy Montgomery, a bank employee, opined that, if
Appellant made bond, she would absolutely, or very likely, commit another
crime.  

            Given the findings of the elderly-exploitation
investigation in 2006 and her recent telephone call from jail encouraging her
daughter to obtain money from an elderly person by false pretext or deception,[8] we cannot say that the
trial court's decision to deny an appeal bond was "so clearly wrong as to
lie outside that zone within which reasonable persons might disagree."  Shugart,
994 S.W.2d at 369 (quoting Heiselbetz v.
State, 906 S.W.2d 500, 517 (Tex.Crim.App. 1995)).  This is particularly so as the investigation
report and recent phone call from jail suggest a continuous pattern of such
behavior undeterred by her present incarceration.  Accordingly, Appellant's sole issue is overruled.

Conclusion

            The trial
court’s order denying bail is affirmed.  


                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

Do not publish.











[1]An
appeal of any judgment or order pertaining to an Appellant's right to bond
pending appeal "shall be given preference by the appellate
court."  Tex. Code
Crim. Proc. Ann. article 44.04(g) (West 2006).  For convenience, provisions of the Texas Code
of Criminal Procedure will hereafter be cited as "article ____" or
"art. ____."  

 





[2]See Cause No. 07-10-0257-CR, Olivia Reyes Tienda v. State, presently
pending before this Court.





[3]See art. 44.04(c) (West
2006); Ex parte Castaneda, 739 S.W.2d
456, 457 (Tex.App.--Corpus Christi 1987, no pet.). 





[4]When
a court sets bail, certain factors should be considered in reviewing whether
the bail is reasonable such as length of the sentence, nature of the offense,
work record, family ties, length of residence and ability to make bail.  See
Swinnea v. State, 614 S.W.2d 453, 455 (Tex.Crim.App. 1981); Ex parte Rubac, 611 S.W.2d 848, 849-50
(Tex.Crim.App. 1981).  However, when a
court denies bail, the decision is based upon whether the record shows that the
defendant is likely to commit another offense while on bail or would not appear
when his conviction became final.  Art. 44.04(c); Shugart v. State,
994 S.W.2d 367, 369 (Tex.Crim.App. 1999).      





[5]The couple was in their eighties and the
woman had recently suffered a stroke. 
Her memory and mental state were not clear.   





[6]The
investigative report indicated that, prior to moving their money to this bank, the couple had moved their money from another bank
when bank employees confronted them with their suspicions that Appellant was
exploiting them.  The bank employees at
the prior bank also became suspicious when they observed Appellant cashing
multiple checks written by the couple on their account.   





[7]Appellant
and her daughter had been cleaning the woman's house for several years.  Appellant's husband testified the woman was
making payments to them for Appellant's medications. 





[8]See Tex. Penal Code Ann. §§ 31.02, 31.03
(West Supp. 2010); Miller v. State,
164 Tex. Crim. 628, 301 S.W.2d 672, 672-73 (1957).